UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

EXELIS, INC.,

                Plaintiff,

v.                                           Civil Action No.
                                          5:12-CV-0858 (GTS/TWD)
SRC, INC.; JOHN F. LoSECCO; ANDREA M.
BELMONT-GWILT; JAMES M.
MARCINKOWSKI; ROBERT A. MARCEAU;
MARK W.WEBB; ANTHONY G. CASALE;
and MICHAEL J. SEAKAN,

                Defendants.
_____

APPEARANCES:                               OF COUNSEL:

WOLFORD LAW FIRM, LLP            ELIZABETH ANN WOLFORD, ESQ.
  Counsel for Plaintiff                     JAMES A. HOBBS, ESQ.
16 East Main Street                         SARAH SNYDER MERKEL, ESQ.
Rochester, NY 14614

BOND SCHOENECK & KING, PLLC       EDWARD R. CONAN, ESQ.
  Counsel for Defendants                 LOUIS ORBACH, ESQ.
One Lincoln Center                       KATE I. REID, ESQ.
Syracuse, NY 13202

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

       Currently before the Court, in this action filed by Exelis, Inc. ("Plaintiff") against the

above captioned entity and individuals ("Defendants") asserting various claims (including

misappropriation of trade secrets, breach of contract, tortious interference with contract, breach

of fiduciary duty, aiding and abetting a breach of fiduciary duty, conversion, unjust enrichment

and unfair competition), are the following motions: (1) Plaintiff's two motions to redact certain

proprietary, confidential and competitive-sensitive information from the transcript of the

preliminary injunction hearing held in this action; (2) Defendants' cross-motion to unseal the information redacted in Plaintiff's post-hearing memorandum of law; and (3) Defendants' motion to dismiss certain claims in Plaintiff's Amended Complaint for failure to state a claim upon which relief can be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. Nos. 74, 78, 79, 82.) For the reasons set forth below, Plaintiff's two motions to redact are granted; Defendants' cross-motion to unseal is denied; and Defendants' motion to dismiss is granted in part and denied in part.

I. **PLAINTIFF'S TWO MOTIONS TO REDACT**

Generally, in its first motion to redact, Plaintiff requests an Order redacting (pursuant to the Court's Notice Regarding Electronic Availability of Civil and Criminal Transcripts) of certain proprietary, confidential and competitive-sensitive information from the transcript of the preliminary injunction hearing held on October 11, 2012, on the ground that the disclosure of that information would harm Plaintiff's competitive standing in its competition for a nearly $50 million government contract. (Dkt. No. 74, Attach. 3.) A statement of the requested redactions is attached as Exhibit A to the first motion. (Dkt. No. 74, Attach. 2.)

Generally, its second motion to redact, Plaintiff requests an Order redacting of certain proprietary, confidential and competitive-sensitive information from the transcript of the preliminary injunction hearing held on October 15 and 16, 2012, on the same ground. (Dkt. No. 78, Attach. 3.) A statement of the requested redactions is attached as Exhibit A to the second motion. (Dkt. No. 78, Attach. 2.)

Generally, in their joint-response to both motions, Defendants assert the following two arguments: (1) the information that Plaintiff seeks to redact from the hearing transcripts cannot

be redacted because it has already been publicly disclosed; and (2) Plaintiff has not met the burden set forth in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), which must be met under the common law, the First Amendment, and this Court's Protective Order of September 5, 2012. (Dkt. No. 82)

Generally, in its joint-reply to Defendants' joint-response, Plaintiff asserts the following three arguments: (1) there is a compelling need for the requested redactions, which are narrow and regard information that is both confidential and sensitive; (2) submission of the REDE-CDS bids does not end the need for protection of confidential and proprietary information, because (a) the REDE-CDS competition is not yet complete, and (b) even after the competition is eventually completed, the information will remain relevant to other potential bids; and (3) the need to maintain the confidentiality of the information at issue has not been undermined by any partial disclosure of the information in (a) the courtroom, which was technically open but was not visited by members of the public at the time, and (b) the Court's Memorandum-Decision and Order of November 7, 2012, the Plaintiff's Attorney Affidavit, and the Amended Complaint, which did not disclose the information at issue or the full extent of that information). (Dkt. No. 83.)

After carefully considering the matter, the Court grants both of Plaintiff's motions for each of the reasons stated in its memoranda of law. (Dkt. No. 74, Attach. 2; Dkt. No. 78, Attach. 2; Dkt. No. 83.) The Court would add only two observations. First, under the circumstances, the public does not appear to possess an interest in the disclosure the discrete pieces of information at issue (which include the bid strategies, dollar amounts, and customer analysis of a government-contract bidder in a competitive market). Second, Defendants appear to be

3

attempting to transform an appearance of a partial disclosure into the occurrence of a broad disclosure so as to be able to argue (either on a motion for summary judgment or at trial) that Plaintiff should lose with regard to various of its claims because the information in question is not confidential.

## II. DEFENDANTS' CROSS-MOTION TO UNSEAL

Generally, in their cross-motion to unseal, Defendants request an Order unsealing the information redacted in Plaintiff's post-hearing memorandum of law, for the two reasons described above in Part I of this Decision and Order (i.e., the information has already been publicly disclosed, and Plaintiff has not met the burden set forth in *Lugosch* with regard to that information). (Dkt. No. 82.)

Generally, in its response, Plaintiff asserts the following three arguments: (1) Defendants' cross-motion to unseal should be denied because (a) it is procedurally improper in that it is actually a motion for reconsideration of the Court's Text Order of October 29, 2012, denying Defendants' first motion to unseal, (b) it is untimely in that it was filed on December 3, 2012, but was due on November 12, 2012, pursuant to Local Rule 7.1, and (c) in any event, Defendants have not satisfied the standard for reconsideration; (2) in any event, Defendants' cross-motion to unseal should be denied because Defendants lack standing, a fact previously recognized by the Court in its Text Order of October 29, 2012, and ignored by Defendants in their cross-motion; and (3) in any event, Defendants' cross-motion to unseal should be denied for the three reasons described above in Part I of this Decision and Order (i.e., there is a compelling need for the requested redactions, the need to maintain the confidentiality of the information at issue does not terminate upon the submission of the REDE-CDS bids, and the

4

need to maintain the confidentiality of the information at issue has not been undermined by any particular disclosure of the information). (Dkt. No. 83.)

After carefully considering the matter, the Court denies Defendants' cross-motion for each of the reasons stated in Plaintiff's opposition memorandum of law (Dkt. No. 83), and the two observations offered by the Court in Part I of this Decision and Order. The Court would add only one observation. Defendants' "cross-motion" to unseal Plaintiff's *post-hearing memorandum of law* does not properly qualify as a cross-motion, because it does not seek relief that competes with the relief sought in Plaintiff's original two motions to redact *the hearing transcripts*. N.D.N.Y. L.R. 7.1(c) ("[A] cross-motion . . . mean[s] a *competing* request for relief or order similar to that requested by another party against the cross-moving party . . . .") (emphasis added).[1] Rather, Defendants appear to have characterized it as a cross-motion because they missed the deadline for a motion for reconsideration. Moreover, even if Defendants' motion were a "cross-motion," it would still be subject to the standard governing motions for reconsideration (given the Court's Text Order of October 29, 2012, and the law-of-the-case doctrine).

## III. DEFENDANTS' MOTION TO DISMISS

Generally, in their motion to dismiss for failure to state a claim, Defendants challenge the pleading sufficiency of the following claims in Plaintiff's Amended Complaint: (1) Plaintiff's

---

[1] *Cf. Miller v. Elexco Land Servs., Inc.*, 09-CV-0038, 2011 WL 4499281, at *1 & n.2 (N.D.N.Y. Sept. 27, 2011) (Suddaby, J.) (finding that, where plaintiff filed motion for partial summary judgment against second defendant on two trespass claims, second defendant's motion for partial summary judgment on those two trespass claims was a "cross-motion," but second defendant's motion for partial summary judgment on plaintiff's third claim, for conversion, was merely a "motion," as was second defendant's motion to dismiss plaintiff's complaint).

5

claims for breach of fiduciary duty, misappropriation of trade secrets, and unfair competition against certain Defendants; (2) Plaintiff's claim of tortious interference of contract as against all Defendants; (3) Plaintiff's claim of unjust enrichment as against all Defendants and, alternatively, as against the individual Defendants; and (4) Plaintiff's claim of conversion as against all Defendants. (Dkt. No. 79, Attach. 1.)

### A. Plaintiff's Claims for Breach of Fiduciary Duty, Misappropriation of Trade Secrets, and Unfair Competition Against Certain Defendants

In their memorandum of law in chief, Defendants argue that Plaintiff's tort-based claims for breach of fiduciary duty, misappropriation of trade secrets, and unfair competition against Defendants Belmont-Gwilt, Marcinkowski, LoSecco, Marceau, Casale and Seakan ("the Former-Excelis Defendants") must be dismissed because they are duplicative of its claim of breach of contract against those Defendants, sharing the same underlying allegations and or theories as that claim. (Dkt. No. 79, Attach. 1, at 7-9 [attaching pages "3" through "5" of Defs.' Memo. of Law].)

In its opposition memorandum of law, Plaintiff argues that it may pursue its tort-based claims for breach of fiduciary duty, misappropriation of trade secrets, and unfair competition as against the Former-Excelis Defendants, notwithstanding its claim of breach of contract against those Defendants, for the following four reasons: (1) under Fed. R. Civ. P. 8(d)(2), Plaintiff may assert claims in the alternative; (2) in any event, Plaintiff's claim of breach of fiduciary duty (and its claim of aiding and abetting such a breach) is not based solely on the individual Defendants' contractual obligations to Plaintiff under the Confidential and Proprietary Agreements ("Agreements") but are based on other allegations (such as Defendant Belmont-Gwilt's and Defendant Marcinkowski's conduct in working for Defendant SRC on the "SORCERER" white

6

paper while employed by Plaintiff, and recruiting other employees of Plaintiff to leave their employment in an effort to help Defendant SRC become the prime contractor for REDE-CDS); (3) similarly, Plaintiff's claim of unfair competition is not based solely on the Agreements signed by the individual Defendants but are based on other allegations (such as Defendant Belmont-Gwilt's and Defendant Marcinkowski's act of conspiring with Defendant LoSecco to funnel Exelis work to Defendant SRC and use various "insider information" in the process); and (4) pursuant to the legal standard governing claims of misappropriation of trade secrets, obtaining a trade secret in breach of a contractual agreement is specifically recognized as a basis for pursuing a claim of misappropriation of trade secrets and, in any event, Plaintiff would have such a claim against Defendants in this case regardless of whether the Former-Exelis Defendants signed the Agreements at issue. (Dkt. No. 81, at 9-20 [attaching pages "3" through "14" of Plf.'s Opp'n Memo. of Law].)

In their reply memorandum of law, Defendants argue that, because the Agreements signed by the Former-Exelis Defendants did *not* contain a "savings clause" (expressly providing that the Agreements supplement, rather than supplant, the employees' common-law duties to the company), those Agreements must have supplanted those employees' common-law duties. (Dkt. No. 84, at 6-7 [attaching pages "1" and "2" of Defs.' Reply Mem. of Law].)

After carefully considering the matter, the Court denies Defendants' request for the dismissal of these claims for each of the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 81, at 9-20 [attaching pages "3" through "14" of Plf.'s Opp'n Memo. of Law].) The Court would add only two points.

7

First, in their reply, Defendants do not oppose Plaintiff's threshold argument that it may assert the claims in question in the alternative under Fed. R. Civ. P. 8(d)(2). The Court finds the omission of that opposition conspicuous, and relies on Fed. R. Civ. P. 8(d)(2) as the threshold basis for its decision.

Second, while the Agreements in question did not expressly state that they supplemented the employees' common-law duties to the company, they did not expressly state that they supplanted those duties either. Defendants have not cited a case persuading the Court that, under the circumstances, the omission of a "savings clause" from the Agreements in question means that they supplanted the employees' common-law duties.

### B. Plaintiff's Claim of Tortious Interference of Contract as Against All Defendants

In their memorandum of law in chief, Defendants argue that Plaintiff's claim of tortious interference of contract should be dismissed as against all Defendants because Paragraph 158 of Plaintiff's Amended Complaint fails to allege facts plausibly suggesting that Defendants possessed actual knowledge of the contracts with which they are alleged to have interfered. (Dkt. No. 79, Attach. 1, at 9-10 [attaching pages "5" and "6" of Defs.' Memo. of Law].)

In its opposition memorandum of law, Plaintiff argues that it should be permitted to pursue its claim of tortious interference of contract as against all Defendants for three reasons: (1) the pleading standard under Fed. R. Civ. P. 8(a)(2) is a liberal and modest one; (2) in fact, in other paragraphs of its Amended Complaint, Plaintiff has alleged facts plausibly suggesting that such knowledge existed (e.g., the fact that the individual Defendants were long-time co-workers at Exelis, the fact that each was required to sign an identical Confidential and Proprietary Rights Agreement on the same date, and the fact that the stated purpose of the Agreements was to

protect confidential information that would be shared between Plaintiff's employees); and (3) even if the Court were to find that the factual allegation were currently insufficient, the Court should grant Plaintiff leave to replead it, given that Plaintiff can allege other facts to render it sufficient. (Dkt. No. 81, at 20-24 [attaching pages "14" through "18" of Plf.'s Opp'n Memo. of Law].)

In their reply memorandum of law, Defendants asserts the following two arguments: (1) at most, Plaintiff has alleged facts plausibly suggesting that Defendants might have suspected, or have had reason to think, that their coworkers had similar agreements, which is insufficient to state a claim for tortious interference with contract; and (2) this is especially true with regard to Defendant LoSecco, who cannot be deemed to have known of the other Defendants' agreements merely because he had been in a leadership position at Exelis. (Dkt. No. 84, at 8-10 [attaching pages "3" through "5" of Defs.' Reply Mem. of Law].)

After carefully considering the matter, the Court denies Defendants' request for the dismissal of this claim for the second and third reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 81, at 20-24 [attaching pages "14" through "18" of Plf.'s Opp'n Memo. of Law].) The Court would add only one point.

The Court rejects Defendants' argument that Plaintiff's factual allegations regarding Defendant LoSecco are especially weak. The Amended Complaint alleges as follows, in pertinent part: (1) Defendant LoSecco was employed by Plaintiff from January 17, 2001, to June 26, 2009; (2) Defendant LoSecco signed the Agreement in question on July 5, 2006, the same date on which identical Agreements were signed by Defendants Belmont-Gwilt, Casale, Marceau, Marcinkowski, Seakan, and Webb; (3) the stated purpose of the Agreements was to

9

protect confidential information that would be shared between Plaintiff's employees; (4) after he left Exelis, Defendant LoSecco often received emails from, and/or sent emails to, the *personal* (not work) email accounts of Defendants Marcinkowski and Belmont-Gwilt; and (5) indeed, Defendant LoSecco referred to Defendant Belmont-Gwilt as his "Svetlana source of intel." (Dkt. No. 72, at ¶ 12, 76-78, 99, 103, 109, 111-13, 120, 121 & Attach. 1.) Based on these factual allegations (as well as the others contained in the Amended Complaint), an inference that Defendant LoSecco knew of the Agreements in question is reasonable.

## C. Plaintiff's Claim of Unjust Enrichment as Against the Individual Defendants

In their memorandum of law in chief, Defendants argue that Plaintiff's claim of unjust enrichment should be dismissed as against the individual Defendants because (1) in New York, recovery under a theory of unjust enrichment is precluded by the existence of an express written agreement governing the subject matter at issue, and (2) here, based on Plaintiff's own allegations, the subject matter of Plaintiff's claim of unjust enrichment (i.e., the trade secrets, confidential information and otherwise propriety information) is governed by the Agreements between the Former-Exelis Defendants and Plaintiff. (Dkt. No. 79, Attach. 1, at 10-11 [attaching pages "6" and "7" of Defs.' Memo. of Law].)

In its opposition memorandum of law, Plaintiff argues that its claim of unjust enrichment should not be dismissed as against the individual Defendants for the following two reasons: (1) while part of the subject matter covered by Plaintiff's claim of unjust enrichment is also covered by Plaintiff's claim of breach of contract, part of the subject matter covered by Plaintiff's claim of unjust enrichment is *not* covered by Plaintiff's claim of breach of contract (particularly Plaintiff's claim of unjust enrichment against Defendant LoSecco, who "engaged in unjust

enrichment primarily through his tortious conduct as an SRC employee, as opposed to through breaching his confidentiality obligations owed as a former Exelis employee," as alleged in Paragraphs 72, 73, 77, 86, 108, 110-113, 120, 122 and 123 of the Amended Complaint); and (2) in any event, Plaintiff is permitted to plead its claim of unjust enrichment as an alternative to its claim of breach of contract, under Fed. R. Civ. P. 8(d)(2), where there is a dispute concerning the existence of a valid agreement (which here there is, given that Defendants asserted various affirmative defenses to the enforceability and effectiveness of the Agreements in the joint-Answer to Plaintiff's original Complaint. (Dkt. No. 81, at 24-26 [attaching pages "18" through "20" of Plf.'s Opp'n Memo. of Law].)

In their reply memorandum of law, Defendants assert the following three arguments: (1) Plaintiff has failed to allege that the Agreements in question are invalid, because it is a plaintiff's allegations, not a defendant's response, that determines whether or not unjust enrichment may be plead in the alternative (and, in any event, Defendants' joint-Answer was rendered a nullity by the filing of Plaintiff's Amended Complaint); (2) the Southern District of New York has twice held that it is proper to dismiss unjust enrichment claims allegedly pleaded in the alternative where, as here, the plaintiff failed to allege that the agreement covering the same subject matter is invalid; and (3) moreover, Plaintiff's alternative argument that its claim of unjust enrichment does not cover the same conduct as its claim of breach of contract "is belied by the Amended Complaint, in which Exelis bases its breach of contract and unjust enrichment claims on essentially identical factual language and seeks identical damages for both." (Dkt. No. 84, at 10-11 [attaching pages "5" and "6" of Defs.' Reply Mem. of Law].)

11

After carefully considering the matter, the Court denies Defendants' request for the dismissal of this claim against Defendant LoSecco for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 81, at 25 [attaching page "19" of Plf.'s Opp'n Memo. of Law].) The Court finds that the paragraphs cited by Plaintiff show that at least part of its claim of unjust enrichment against Defendant LoSecco is based on conduct other than a breach of contract.

Moreover, the Court grants Defendants' request for the dismissal of this claim against Defendants Belmont-Gwilt, Marcinkowski, Marceau, Casale and Seakan for the reasons stated in Defendants' memoranda of law. (Dkt. No. 79, Attach. 1, at 10-11 [attaching pages "6" and "7" of Defs.' Memo. of Law]; Dkt. No. 84, at 10-11 [attaching pages "5" and "6" of Defs.' Reply Mem. of Law].) However, the Court finds it appropriate for this dismissal to be only without prejudice. There are three reasons for this finding.

First, while some Southern District cases support Defendants' argument that an unjust enrichment claim pleaded in the alternative must allege that the agreement covering the same subject is invalid or unenforceable, some Eastern District cases appear to support a contrary rule. *See, e.g., St. John's Univ. v. Bolton*, 757 F. Supp.2d 144, 183-84 (E.D.N.Y. 2010) ("At the pleading stage, Plaintiff is not required to guess whether it will be successful on its contract, tort, or quasi-contract claims. . . . Though some cases suggest that a plaintiff's mere allegation of an enforceable contract is enough to prevent him from even pleading an alternative claim for unjust enrichment that position cannot be reconciled with the text of Rule 8(d), and is unpersuasive to this court's analysis."); *accord, Membler.com LLC v. Barber*, 12-CV-4941, 2013 WL 5348546, at *14 (E.D.N.Y. Sept. 13, 2013).

Second, the Court is somewhat dubious of Defendants' related argument that it is merely a plaintiff's allegations, and not also a defendant's response, that determines whether or not unjust enrichment may be plead in the alternative. *See Las Olas Investor Group, LLC v. Las Olas Tower Co., Inc.*, 06-CV-7781, 2008 WL 80741, at *2 (S.D.N.Y. Jan. 2, 2008) (concluding that New York law does not preclude the plaintiff's unjust enrichment claim because the defendants have "not acknowledged–and in fact dispute–the existence of the Agreement" in their answer, including their affirmative defenses, wherein defendants deny the existence of a "binding Agreement," alleging that the Agreement was "induced by fraud or misrepresentation"). The Court accepts Defendants' argument about the nullification of its original Answer. However, Defendants do not even bother to argue that their Amended Answer will not include similar affirmative defenses. (Dkt. No. 84, at 10-11 & n.6 [attaching pages "5" and "6" of Defs.' Reply Mem. of Law].)

Third, and more importantly, it is conceivable that Plaintiff may be able to correct this pleading deficiency through a motion for leave file a Second Amended Complaint that inserts a sentence between Paragraphs 171 and 172 of the Amended Complaint alleging that, in the alternative, the Agreements in question are invalid and/or unenforecable (for the reasons stated in Paragraphs 147 and 148 of Defendants' Answer).

**D.     Plaintiff's Claim of Unjust Enrichment as Against all Defendants**

In their memorandum of law in chief, Defendants argue that Plaintiff's claim of unjust enrichment should be dismissed as against all Defendants because Plaintiff has failed to allege facts plausibly suggesting any specific benefit it conferred on any of the Defendants (other than alleging that "Defendants have taken and continue to hold trade secrets, confidential and

otherwise proprietary information" and that Defendants "have benefitted" or "have been unjustly enriched" from their misappropriation of that information). (Dkt. No. 79, Attach. 1, at 12-13 [attaching pages "8" and "9" of Defs.' Memo. of Law].)

In its opposition memorandum of law, Plaintiff argues that its claim of unjust enrichment should not be dismissed as against all Defendants because it is absurd for Defendants to argue that Plaintiff has failed to allege facts plausibly suggesting any specific benefit it conferred on any of the Defendants, given the repeated instance of Defendants' unjust enrichment alleged in Paragraphs 59, 61, 76, 87, 108, 110, 113, 117, 120, 122 and 126 of the Amended Complaint. (Dkt. No. 81, at 26 [attaching page "20" of Plf.'s Opp'n Memo. of Law].)

In their reply memorandum of law, Defendants argue that Plaintiff's claim of unjust enrichment should be dismissed because Plaintiff has failed to point to any factual allegation in the Amended Complaint that plausibly suggests that Defendants was enriched through the use of Plaintiffs' information; rather, it alleges merely that Defendants have received a potential future benefit. (Dkt. No. 84, at 12-13 [attaching pages "7" and "8" of Defs.' Reply Mem. of Law].)

After carefully considering the matter, the Court denies Defendants' request for the dismissal of this claim for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 81, at 26 [attaching page "20" of Plf.'s Opp'n Memo. of Law].) The Court adds only one point.

The paragraphs referenced by Plaintiff allege, inter alia, that the ideas, technology, trade secrets, confidential information, proprietary information, and "insider information" stolen by Defendants have enabled Defendant SRC to (1) solicit business from AFRL, (2) gain a competitive advantage with regard to its own REDE-CDS capture strategy, and (3) fund the

14

hiring of the Former-Exelis Defendants. (Dkt. No. 72, at ¶¶ 59, 61, 108.) Defendants appear to be arguing that, because they have not yet received the REDE-CDS contract, they have not, through their use of the information, been enriched. This argument ignores the allegation that the misappropriation of the information and use of it to prepare a competitive bid have enabled Defendant SRC to hire the Former-Exelis Defendants. Those hirings, in and of themselves, appear to be a sufficient benefit to all Defendants.

### E. Plaintiff's Claim of Conversion as Against all Defendants

In their memorandum of law in chief, Defendants argue that Plaintiff's claim of conversion should be dismissed as against all Defendants because Plaintiff has failed to allege facts plausibly suggesting that it was deprived of the use of its allegedly misappropriated information; rather, Plaintiff still has access to all of the information allegedly misappropriated by Defendants. (Dkt. No. 79, Attach. 1, at 13-14 [attaching pages "9" and "10" of Defs.' Memo. of Law].)[2]

In its opposition memorandum of law, Plaintiff argues that, by misappropriating the secret, confidential and proprietary information in question, Defendants have (1) destroyed the secrecy and confidentiality of that information (thus excluding Plaintiff from the right to possess that *secret and confidential* information), and (2) diluted the value of that proprietary information (thus excluding Plaintiff from the right to possess the full value of that *proprietary* information) (Dkt. No. 81, at 27-28 [attaching pages "21" and "22" of Plf.'s Opp'n Memo. of

---

[2] In support of their argument, Defendants chiefly rely on two cases. *See Pure Power Boot Camp, Inc. v. Warrior Fitness Book Camp, LLC*, 813 F. Supp.2d 489, 536 (S.D.N.Y. 2011); *Jamison Bus. Sys. v. Unique Software Support Corp.*, 02-CV-4887, 2005 WL 1262095, at *15 (E.D.N.Y. May 26, 2005).

Law].)³ Moreover, Plaintiff argues that the district court cases cited by Defendants were based on the sufficiency of evidence at trial, not the sufficiency of factual allegations in a pleading. (*Id.*)

In their reply memorandum of law, Defendants asserts two arguments: (1) two of the three district cases cited by Plaintiff either lack supporting authority or misread the New York State Court of Appeals' decision in *Thyroff v. Nationwide Mut. Ins. Co.*, 8 N.Y.3d. 383 (N.Y. 2007), which held only that a claim for conversion could be stated where the allegedly converted property was personal information stored on a computer (access to which the plaintiff was fully deprived); and (2) a district court case exists rejecting a conversion claim, on a motion to dismiss, with regard to the misappropriation of confidential and proprietary information to which the plaintiff still had access.⁴ (Dkt. No. 84, at 13-14 [attaching pages "8" and "9" of Defs.' Reply Mem. of Law].)

After carefully considering the matter, the Court denies Defendants' request for the dismissal of this claim for the reasons stated in Plaintiff's opposition memorandum of law. (Dkt. No. 81, at 27-28 [attaching pages "21" and "22" of Plf.'s Opp'n Memo. of Law].) The Court would add only that this case appears distinguishable from the ones cited by Defendants in that, in this case, Plaintiff has alleged facts plausibly suggesting that it has been impeded, if not altogether precluded, from using the secret, confidential and proprietary information in question

---

   ³       In support of its argument, Plaintiff chiefly relies on three cases. *See Lapp Insulators LLC v. Gemignani*, 09-CV-0694, 2011 WL 1198648, at *13 (W.D.N.Y. March 9, 2011); *Clark St. Wine v. Emporors Sys. Corp.*, 754 F. Supp.2d 474, 484 (E.D.N.Y. 2010); *Baker's Aid v. Hussman Foodservice Co.*, 730 F. Supp. 1209, 1212-13 (E.D.N.Y. 1990).

   ⁴       *See GEO Group, Inc. v. Cmty. First Servs., Inc.*, 11-CV-1711, 2012 WL 1077846, at *8-9 (E.D.N.Y. March 30, 2012).

*to its competitive advantage* in the bid process. In that sense, it is difficult for the Court to conclude that Plaintiff has not alleged that it has been excluded from its right to use that secret, confidential and proprietary information.

**ACCORDINGLY**, it is

**ORDERED** that Plaintiff's two motions to redact certain proprietary, confidential and competitive-sensitive information from the transcript of the preliminary injunction hearing held in this action (Dkt. Nos. 74, 78) are **GRANTED**; and it is further

**ORDERED** that Defendants' cross-motion to unseal the information redacted in Plaintiff's post-hearing memorandum of law (Dkt. No. 82) is **DENIED**; and it is further

**ORDERED** that Defendants' motion to dismiss certain claims in Plaintiff's Amended Complaint for failure to state a claim (Dkt. No. 79) is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's claim of unjust enrichment against Defendants Belmont-Gwilt, Marcinkowski, Marceau, Casale and Seakan is **DISMISSED without prejudice** from Plaintiff's Amended Complaint (Dkt. No. 72).

Dated: September 30, 2013
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge